The opinion of the Court was delivered by
Mr. J ustice Grimke.
I am of opinion that the motion must prevail; for the rule, with respect to the construction of wills, is, that every part shall be so construed as to give efficacy to the whole, and thus by giving *347 a life estate to the wife in the first instance, the defendant may well take after her death; but if he took immediately, then would her life estate be defeated; and this, according to a second rule on the same subject, would be construing the will according to the intention of the testator. The principle relied on in the argument of this case, that .the first clause in a deed, and the last in a will, must prevail, does not apply here; but where a testator gives the property to A. and his heirs, and in a subsequent clause of the same will, gives the same property to B. and his heirs, then, as it is impossible that both bequests can stand, and one of them must yield, the rule above mentioned decides in favour of the last legatee.
Taking this view of the case, the action was properly brought for the life estate of the negro, who became the husband’s property, on his marriage with the widow, and, therefore, he could legally institute this suit, and recover thereon, not only the value of the negro, but also damages for his hire and his services during his detention.
I am of opinion, therefore, that a new trial must be granted.
Colcoclc, Cheves, and Johnson, J. concurred,
Gantt, J. dissented.